**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sidney LEVINE and MPD Film Productions, Inc., Defendants-Appellants.**

No. 76–1543.

United States Court of Appeals, Fifth Circuit.

May 2, 1977.

Joel Hirschhorn, Miami, Fla., Ralph J. Schwarz, Jr., New York City, Herald Price Fahringer, Buffalo, N. Y., for defendants-appellants.

Robert W. Rust, U. S. Atty., J. Daniel Ennis, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before TUTTLE, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Attached to its petition for rehearing, the government exhibited a document indicating that "S. Levine" gave a verbal order to a film processor for one sample reel from the eight-reel film "Valley of the Nymphs" which was produced by Harvard for Abrams. This document was not a part of the record on appeal although it had been introduced at the trial at some time before a judgment of acquittal was entered for Abrams. The government did not refer to this document in the trial court in response to defendants' rule 8(b) motion for severance. Prior to its mention of this document at oral argument in response to the court's questioning, the government had relied upon an erroneous legal theory of conspiracy to support joinder of Abrams and Levine in a single criminal prosecution. *Cf. Minute Maid Corp. v. United Foods, Inc.,* 291 F.2d 577, 585–86 (5th Cir.) (petition for rehearing), *cert. denied,* 368 U.S. 928, 82 S.Ct. 364, 7 L.Ed.2d 192 (1961).

Even accepting the document at face value for purposes of this petition for rehearing, it goes no further than supplying a highly doubtful basis of support for overt act 10. We have held overt act 10 furnished no proper predicate for charging Abrams and Levine in the same indictment under Federal Rule of Criminal Procedure 8(b).

The petition for rehearing is

DENIED.